Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 8549 | **DATE** | 9/5/2002 |
| **CASE TITLE** | MONIQUE DAUZVARDIS vs. MIDWEST GENERATION, L.L.C. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ■ Status hearing set for 9/18/02 at 9:30A.M..
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] ENTER MEMORANDUM OPINION AND ORDER: Defendant's motion for summary judgment [3-1] is denied.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | **Document Number** |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | SEP 0 9 2002 | |
| | Notified counsel by telephone. | | date docketed | 13 |
| ✓ | Docketing to mail notices. | | | |
| | Mail AO 450 form. | U.S. DISTRICT COURT | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| TBK | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MONIQUE DAUZVARDIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Judge Ronald A. Guzman |
| v. ) | |
| ) | 01 C 8549 |
| MIDWEST GENERATION, L.L.C., ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Monique Dauzvardis ("Dauzvardis") has sued her former employer, Midwest Generation, L.L.C, under Title VII of the Civil Rights Act of 1964 ("Title VII") for alleged constructive discharge due to a sexually hostile work environment. 42 U.S.C. § 2000e-5. Before the Court is defendant Midwest Generation's motion for summary judgment pursuant to Fed. R. Civ. P. 56. For the reasons set forth below, defendant's motion for summary judgment is denied.

### Facts

Dauzvardis was formerly employed by Midwest Generation. (Def.'s LR 56.1 (a)(3) ¶ 1.) Dauzvardis began her employment with Midwest Generation on February 28, 2000. (*Id.* ¶ 5.) Dauzvardis alleges that co-workers subjected her to sexual harassment from the beginning of her employment at Midwest Generation in February and March 2000 and that a co-worker accosted her in July 2000. (*Id.* ¶¶ 7, 12.) Dauzvardis complained of the alleged sexual harassment to the operations manager in March 2000 and again to the plant manager in April 2000. (Def. Ex. B, Charge of Discrimination.)

She officially resigned on August 14, 2000, and the resignation took effect on August 31, 2000. (Def.'s LR 56.1(a)(3) ¶¶ 9, 12.) Dauzvardis alleges that she was constructively discharged as a result of the sexually hostile work environment at Midwest Generation. (Def.'s Ex. B, Charge of Discrimination.)

In Dauzvardis' response to Midwest Generation's motion for summary judgment, she alleges that on January 15, 2001, she met with Mr. Mikulka, Midwest Generation's director of human resources, and Ms. Scott, Midwest Generation's complaint investigator. (Pl's LR 56.1(b)(3)(B) ¶ 12.) According to the plaintiff, Mr. Mikulka and Ms. Scott stated that they intended to work on the company's "sexual problems" and eventually intended to re-employ Dauzvardis. (*Id.*) Dauzvardis also alleged that she was told, "don't do anything until you hear from us." (*Id.*) According to Dauzvardis, Ms. Scott called her in May 2001 to inform Dauzvardis that the investigation revealed sexual harassment and requested that Dauzvardis testify at an arbitration meeting. (*Id.* ¶ 13.) Dauzvardis alleges that Ms. Scott was to notify Dauzvardis when the company needed her to testify. (*Id.*) After she did not hear from Midwest Generation for several weeks, Dauzvardis contacted an attorney who advised her to file a formal complaint with the EEOC against Midwest Generation. (*Id.* ¶¶ 14, 15.)

On June 14, 2001, Dauzvardis filed a charge of discrimination with the Equal Employment Opportunities Commission ("EEOC"). (Def.'s LR 56.1 (a)(3) ¶ 6.) The EEOC responded on August 8, 2001 by dismissing the charge as untimely, because it was filed after the expiration of the 300-day limitation period. (*Id.* ¶ 10.) On November 7, 2001, Dauzvardis filed the complaint before this court alleging constructive discharge due to sexual harassment. (*Id.* ¶ 11.) Midwest Generation now moves for summary

judgment.

## Discussion

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). To overcome a motion for summary judgment, the non-moving party must demonstrate that a genuine issue of material fact exists for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986).

In addition, parties in the Northern District of Illinois must comply with Local Rule 56.1. To comply, the moving party must serve and file a "statement of material facts as to which the moving party contends there is no genuine issue and that entitle the moving party to a judgment as a matter of law." LR 56.1(a)(3). In response, the opposing party must serve and file:

> a response to each numbered paragraph in the moving party's statement, including, in the case of any disagreement, specific references to the affidavits, parts of the record, and other supporting material relied upon, and . . . a statement, consisting of short numbered paragraphs, of any additional facts that require the denial of summary judgment, including references to the affidavits, parts of the record, and other supporting materials relied upon. All material facts set forth in the statement required of the moving party will be deemed to be admitted unless controverted by the statement of the opposing party.

LR 56.1(b)(3). The Seventh Circuit has "consistently and repeatedly upheld a district court's discretion to require strict compliance with its local rules governing summary judgment." *Bordelon v. Chicago. Sch. Reform Bd. of Trs.*, 233 F.3d 524, 527 (7th Cir. 2000). Therefore, failure to follow Local Rule 56.1(b)(3)(A) results in the admittance of

3

all factual assertions alleged by the moving party. *Wienco, Inc. v. Katahn Assocs., Inc.*, 965 F.2d 565, 568 (7th Cir. 1992).

Although courts often construe pleading requirements liberally for individuals like Dauzvardis who proceed *pro se,* uncounseled litigants are not relieved of the burden of complying with procedural rules. *Greer v. Bd. of Educ.*, 267 F.3d 723, 727 (7th Cir. 2001); *Members v. Paige*, 140 F.3d 699, 702 (7th Cir. 1998). To protect a *pro se* litigant from the harsh consequences of local summary judgment rules, Local Rule 56.2 requires that the movant serve a notice to the *pro se* litigant opposing summary judgment. LR 56.2. This notice outlines the requirements, procedures, and consequences of the local summary judgment rules. *Id.* Midwest Generation properly served and filed the required notice to Dauzvardis. Thus, plaintiff was provided with specific instructions regarding compliance with the district court's rules.

In this case, despite the fact that proper notice of the rules were provided, Dauzvardis failed to comply with the requirements of Local Rule 56.1(b)(3)(A) in her response to defendant's motion for summary judgment when she failed to respond to each numbered paragraph in the moving party's statement. (*See* Pl.'s LR 56.1(b)(3)(A) Resp.) Therefore, this Court deems all undisputed facts submitted by the moving party as admitted because the plaintiff failed to comply with Local Rule 56.1(b)(3)(A).

In addition, in the Minute Order of July 18, 2002, the Court struck Dauzvardis' declaration in support of her Local Rule 56.1(b)(3)(B) statement due to a technical deficiency and allowed her to cure the deficiency. She has since done so and the matter is now ready for the court's consideration on the merits.

## I. Untimeliness of Dauzvardis' Discrimination Claim

Dauzvardis failed to file a timely charge of discrimination with the EEOC. A plaintiff alleging harassment under Title VII must file a timely complaint with the EEOC before bringing a lawsuit in federal court. *Hentosh v. Herman M. Finch Univ. of Health Scis.*, 167 F.3d 1170, 1173 (7th Cir. 1999). This provides the EEOC with the "opportunity to settle the dispute through conference, conciliation, and persuasion." *Cheek v. W. & S. Life Ins. Co.*, 31 F.3d 497, 500 (7th Cir. 1994). In Illinois, a plaintiff must file the charge of discrimination with the EEOC within 300 days of the alleged harassment. 42 U.S.C. § 2000e-5; *Koelsch v. Beltone Elecs. Corp.*, 46 F.3d 705, 707 (7th Cir. 1995). Failure to comply with the 300-day limitation period renders the charge untimely. *Id.* This 300-day limitation period is not a jurisdictional prerequisite to a suit in federal court, but is more similar to a statute of limitations requirement subject to equitable doctrines such as tolling and estoppel. *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982). The statute of limitations begins to run when the plaintiff discovers the injury. *Cada v. Baxter Healthcare Corp.*, 920 F.2d 446, 450 (7th Cir. 1990).

Here, Dauzvardis failed to file a timely complaint with the EEOC. Dauzvardis admitted in her brief in response to defendant's motion for summary judgment that she filed the complaint "304 days after my 'claim' would technically have accrued." (Pl.'s LR 56.1(b)(3).) The alleged sexual harassment occurred in February, March, and July 2000. (*Id.* ¶¶ 7, 12.) Dauzvardis resigned on August 14, 2000. (*Id.* ¶ 8.) For the constructive discharge claim to be timely, Dauzvardis had to file the complaint, at the

5

latest, 300 days after August 14, 2000, *i.e.*, by June 11, 2001.[1] Dauzvardis filed the complaint with the EEOC on June 14, 2001. (*Id.* ¶ 6.) The Seventh Circuit has stated, "[f]oreclosing litigants from bringing their claim because they missed the filing deadline by one day may seem harsh, but courts have to draw lines somewhere." *United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir. 2000) (barring claim filed one day after limitations period ran). Therefore, the claim is untimely even though it can be argued that Dauzvardis filed the charge only four days late.

Dauzvardis could have filed a timely claim until June 26, 2001 if the claim accrued when the resignation actually took effect. However, the statute of limitation begins to run when the plaintiff actually discovers the injury. *Cada*, 920 F.2d at 450. Accordingly, the statute of limitations began to run *no later than* when Dauzvardis claimed to be constructively discharged on August 14, 2000. Therefore, Dauzvardis' claim was filed untimely with the EEOC.

## II. Equitable Tolling and Equitable Estoppel

When a charge of discrimination is filed untimely with the EEOC, the doctrines of equitable tolling or equitable estoppel can relax the statutory filing period. *Chakonas v. City of Chicago*, 42 F.3d 1132, 1135 (7th Cir. 1994). These doctrines prevent the running of the statute of limitations even when the deadline has passed. *Cada*, 920 F.2d at 450.

---

[1] The 300-day limitation period technically expired on June 10, 2001. June 10, 2001 was a Sunday; therefore, the final day to file a timely charge with the EEOC was Monday, June 11, 2001.

## A. Equitable Tolling

Equitable tolling may extend the statute of limitations if despite all due diligence, the plaintiff cannot obtain the information to conclude that she may have a discrimination claim. *Chakonas*, 42 F.3d at 1135. It applies when the plaintiff is unable to obtain the information to determine whether the injury was caused by wrongdoing. *Cada*, 920 F.2d at 451. However, this doctrine will not postpone the statute of limitations until the plaintiff is "certain that h[er] rights had been violated." *Id.* Instead, equitable tolling extends the statute of limitations to when a reasonable person in the plaintiff's position could have obtained the vital information to discover the possibility of a discrimination claim. *Jackson v. Rockford Hous. Auth.* 213 F.3d 389, 394 (7th Cir. 2000).

In this case, nothing in the record indicates that the doctrine of equitable tolling applies. A reasonable person in Dauzvardis' position would possess the requisite information to conclude that she may have a sexual discrimination claim against Midwest Generation sometime prior to her resignation. In the EEOC charge of discrimination, Dauzvardis stated, "due to the continued sexual harassment and the hostile work environment I was subject to, I was forced to submit my resignation." (*Id.*) This allegation alone demonstrates that Dauzvardis possessed the knowledge of the possibility of a discrimination claim against Midwest Generation, at the very latest, when she was "forced to resign." (Def.'s LR 56.1(a)(3) ¶ 8.) Furthermore, Dauzvardis complained of sexual harassment to the operations manager in March 2000 and again to the plant manager in April 2000. (Def.'s Ex. B, Charge of Discrim.) A reasonable person complaining of sexual harassment to management certainly knows of the possibility of a discrimination claim.

Furthermore, equitable tolling would not apply because Dauzvardis waited to be "certain that h[er] rights had been violated." *Cada*, 920 F.2d at 451. Although Dauzvardis may not have been absolutely certain that she had a potentially successful hostile work environment suit against Midwest Generation until after Ms. Scott informed Dauzvardis of the results of her investigation in May 2001, a reasonable person in Dauzvardis' position would have known of the possibility of a discrimination claim well before the investigation. Even if Dauzvardis waited until she was certain that she had a potentially successful sexual discrimination claim, she still could have filed the complaint within the required 300-day limitation period in May 2001. She failed to do so. Therefore, equitable tolling does not apply in this case.

## B. Equitable Estoppel

Equitable estoppel, or fraudulent concealment, extends the statute of limitations in limited circumstances when the defendant "takes active steps to prevent the plaintiff from suing in time." *Cada*, 920 F.2d at 450. The defendant may trigger equitable estoppel, for example, by hiding evidence of discrimination or promising not to plead the statute of limitations. *Jackson*, 213 F.3d at 394. "In essence, equitable estoppel focuses on whether the defendant acted affirmatively to stop or delay the plaintiff from bringing suit within the limitations period." *Smith v. City of Chicago Heights*, 951 F.2d 834, 841 (7th Cir. 1992).

In this case, a genuine issue of material fact exists as to whether equitable estoppel extends the statute of limitations period for Dauzvardis' claim. Although nothing in the record suggests that Midwest Generation promised not to plead the statute of limitations

8

or hid evidence of discrimination from Dauzvardis, the defendants may have prevented her from suing in time. Dauzvardis asserts that in January 2001, Mr. Mikulka, the director of human resources, discussed the possibility of her re-employment. (Pl.'s LR 56.1(b)(3) ¶ 11.) Furthermore, Dauzvardis alleges that Mr. Mikulka and Ms. Scott were investigating the complaint and told her not to do anything until she heard from Midwest Generation. (*Id.* ¶ 12.) Apparently, Ms. Scott called Dauzvardis in May 2001 and informed her that the investigation revealed sexual harassment and asked her to testify at an arbitration meeting. (*Id.* ¶ 13.) At this point, Ms. Scott allegedly told Dauzvardis that this would "probably drag on over the summer" and Ms. Scott would contact her when the company needed her to testify. (*Id.*) After several weeks of not hearing from Midwest Generation, she contacted an attorney who informed her of the EEOC time constraint and filed a complaint against Midwest Generation the next day. (*Id.* ¶¶ 14, 15.)

According to these allegations, Dauzvardis has raised the inference that Midwest Generation acted affirmatively to prevent her from bringing suit within the limitations period. If so, equitable estoppel would prevent the running of the limitations period and Dauzvardis' claim would not be barred by the statute of limitations. Because the defendant denies these allegations, a genuine issue of material fact exists as to whether Midwest Generation acted affirmatively to prevent Dauzvardis from suing in time. Thus, summary judgment is denied.

## Conclusion

For the foregoing reasons, defendant's motion for summary judgment is denied [doc. no. 3-1].

**SO ORDERED**     ENTERED:  9-5-02

*[signature]*

**HON. RONALD A. GUZMAN**
**United States Judge**